**UNITED STATES COURT OF INTERNATIONAL TRADE**
**THE HONORABLE TIMOTHY C. STANCEU, CHIEF JUDGE**

| | | |
|---|---|---|
| AMERICAN DREW, INC., et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 17-00086 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion to correct, supplement, and/or strike the Administrative Record and to stay the briefing schedule. Plaintiffs move for entry of an order directing the defendants to correct, supplement, and/or strike and refile the Administrative Record submitted by U.S. Customs and Border Protection ("CBP") on August 6, 2020 (ECF No. 63) (public) and August 12, 2020 (ECF No. 66).

For good cause shown, the motion is **GRANTED**. The United States is hereby **ORDERED** to refile a version of the Administrative Record that in addition to containing the current material, also (1) identifies the 2001 regulation as the contested determination, (2) contains a proper

certification, and (3) contains the 2016 correspondence between Senators Charles Grassley and John Thune and R. Gil Kerlikowske, then-Commissioner of CBP, regarding CBP's failure to distribute delinquency interest to affected domestic producers *and* any other deliberative documents, memoranda, or correspondence related to why CBP decided not to deposit and distribute delinquency interest.

It is further **ORDERED** that the briefing schedule is hereby stayed until the corrected record is filed. Plaintiffs shall have thirty days after the corrected record is filed to file their motion for judgment on the record under Rule 56.1.

**ENTER:**

________________________________

The Honorable Timothy C. Stanceu
Chief Judge

Dated: _________________________, 2020
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**THE HONORABLE TIMOTHY C. STANCEU, CHIEF JUDGE**

| | | |
|---|---|---|
| AMERICAN DREW, INC., et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 17-00086 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MOTION TO CORRECT, SUPPLEMENT, AND/OR STRIKE THE ADMINISTRATIVE RECORD AND MOTION TO STAY BRIEFING

Pursuant to Rule 73.3(a) of the Rules of this Court, Plaintiffs respectfully move the Court for entry of an order directing the defendant, the United States, to correct, supplement, and/or strike and refile the Administrative Record ("AR") submitted by U.S. Customs and Border Protection ("CBP") on August 6, 2020 (ECF No. 63) (public) and August 12, 2020 (ECF No. 66) (confidential). Whether the Court strikes the record as filed and orders CBP to file a complete record,[1] or orders CBP

[1] Regardless of how the relief sought is characterized, *e.g.*, whether CBP should correct, supplement, and/or, or amend the Administrative Record, Plaintiffs maintain that: (1) CBP's September 2001 Final Rule should be recharacterized as the "contested determination," (2) the materials concerning the annual and interim distributions to ADPs should be included in the corrected or refiled Administrative Record, and (3) omitted information concerning CBP's deliberative process

to correct and supplement the record, the end result of having a complete record that identifies the correct contested determination, has a proper certification, and contains the proper associated materials about how that decision was reached, must be included because the current record is deficient under Rule 73.3(a) and "insufficient to permit meaningful review consistent with the APA." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009).

The record is deficient for at least three independent reasons. First, the record does not identify the 2001 rule as the contested determination in the index, *see* AR 0004-0006, which is contrary to this Court's finding in its June 20, 2020 order on CBP's motion to dismiss that the 2001 rule is the contested determination. By incorrectly characterizing the contested determination, the government is flouting the law of this case.

Second, the certification provided in the record is clearly deficient and issued by the incorrect division of CBP that had nothing to do with the promulgation of the contested determination. *See* AR 0002-0003.

concerning the contested determination should be included in the corrected Administrative Record, including the correspondence referenced herein between Congress and the CBP.

Third, the record does not contain the 2016 correspondence between Senators Charles Grassley and John Thune and R. Gil Kerlikowske, then-Commissioner of CBP, regarding CBP's failure to distribute delinquency interest to affected domestic producers ("ADPs") (attached here as Exhibits 1 & 2). Nor does the record contain any other deliberative documents, memoranda, or correspondence related to why CBP decided not to deposit and distribute delinquency interest.

Finally, Plaintiffs also seek a stay so that the litigation continues on a parallel track with a parallel record with the related cases in *Adee Honey Farms, et al. v. United States, et al.*, No. 16-00127, where the government was similarly deficient in its filing and characterizing of the Administrative Record.[2]

The government has indicated that it opposes this motion.

[2] Currently, the records as initially filed by CBP in these cases (albeit deficient) are identical in significant respects. Recognizing that there are common issues of law and fact at issue in these cases, the Court has, for example, already held hearings on the government's motions to dismiss on subsequent days in order to promote judicial economy. Plaintiffs believe that keeping the records aligned in these cases would further serve this Court's interest in judicial economy.

In support of this motion, Plaintiffs state as follows:

1. The Administrative Procedure Act ("APA") directs the Court to resolve challenges to agency action, like Plaintiffs' here, that arise under 28 U.S.C. § 1581(i) by "review[ing] the whole record"—*i.e.*, the Administrative Record—"or those parts of it cited by a party." 5 U.S.C. § 706. The United States Supreme Court has defined the "whole record" within 5 U.S.C. § 706 as "the full administrative record that was before the Secretary *at the time he made his decision*." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977) (emphasis added).

2. Moreover, under 28 U.S.C. § 2635(d)(1) and Rule 73.3(a), the United States is required to include in the Administrative Record, "a copy of the contested determination and the findings or report upon which such determination was based" and "any documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action."

3. Here, the "contested determination," which is not properly identified in the administrative record, is CPB's decision not to distribute delinquency interest to ADPs, which this Court found was made public

in the agency's September 21, 2001 Final Rule. As this Court has stated, "The agency regulatory action on which plaintiffs' claims are based is the Final Rule, which in § 159.64(e) defined and limited the type of interest that would be deposited into the special accounts and thereby made available for distribution to ADPs." ECF No. 57 at 15; *see also id.* (identifying the relevant determination as "a Customs decision, set forth in § 159.64(e) thereof, that Section 1677g interest would be the only type of interest distributed to ADPs."). The contested determination was applied by CBP to Plaintiffs by means of CBP's annual and interim CDSOA distributions to ADPs, for which CBP has provided information only from Fiscal Years 2014 forward.

4. The administrative record is also not properly certified. As noted, Customs' decision not to include delinquency interest in CDSOA distributions is this lawsuit's single "contested determination." Those regulations were promulgated in 2001 by the Office of Regulations and Rulings ("OR&R") of Customs' Regulations Branch, as reported in the agency's notices of proposed and final rulemaking. *See Proposed Rule: Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers*, 66 Fed. Reg. 33,920 (June 26, 2001); 66 Fed. Reg.

48,546 (Sept. 21, 2001) (final rule). Thus, according to USCIT Rule 73.3(a), the contents of the Administrative Record should be certified by an OR&R CBP official. However, the certification in the current Administrative Record was made by an official in CBP's Revenue Division, apparently because that division is responsible for CBP's ongoing CDSOA distributions. *See* AR 0002-0003. Because the Revenue Division was not involved in promulgating CBP's CDSOA regulations, the submitted certification signed by Customs' Revenue Division official is facially invalid, or at a minimum is only partially responsive to the government's obligations.

5. Moreover, the Administrative Record lacks any "findings or report upon which {that} determination was based," nor anything else explaining *why* CBP decided not to distribute delinquency interest. Indeed, the term "delinquency interest" does not even appear in the Administrative Record until 2016. The 2016 correspondence between Senators Charles Grassley and John Thune and then-Commissioner Kerlikowske (attached here as Exhibits 1 & 2), provides that missing link. In response to congressional concern about CBP not distributing delinquency interest to ADPs, Commissioner Kerlikowske explained that

the reason CBP had not been distributing delinquency interest to ADPs is because CBP's accounting system would not allow them to do so. *See* Exh. 2.

6. This correspondence shows clearly that CBP's decision not to distribute delinquency interest was driven by the limitations of its own technological systems, rather than the text of the CDSOA or the regulation. It also suggests that CBP was aware of this technological limitation in 2001, and that it influenced CBP's interpretation of the CDSOA, considerations which presumably would have been documented somewhere. This correspondence, along with any other document discussing CBP's technical inability to distribute delinquency interest, were clearly part of the decisional process and should be included in the record.

7. Plaintiffs otherwise adopt by reference the arguments asserted by the plaintiffs in *Adee Honey Farms, et al., v. United States, et al.*, No. 16-00127, ECF No. 95, which are hereby incorporated here by reference, to the extent they are applicable here.

8. Finally, staying the briefing schedule is appropriate so parties have the opportunity to cite to, and file briefs related to, a complete and

correctly constituted Administrative Record. Doing so will keep this case aligned with the *Adee Honey* litigation and thus will further promote judicial economy.

* * *

For the foregoing reasons, the Court should order the government to file a corrected version of the record that that, in addition to containing the current material, also (1) identifies the 2001 regulation as the contested determination, (2) contains a proper certification, and (3) contains the 2016 correspondence between Senators Charles Grassley and John Thune and R. Gil Kerlikowske, then-Commissioner of CBP, regarding CBP's failure to distribute delinquency interest to affected domestic producers *and* any other documents, memoranda, or correspondence related to why CBP decided not to deposit and distribute delinquency interest. Plaintiffs also move the Court to grant a stay of the briefing schedule until the Administrative Record is corrected, or in the event this motion is denied, until 14 days after the Court rules on this motion or until such a time that keeps the briefing schedule in parallel with the related case in *Adee Honey Farms, et al., v. United States, et al.*, No. 16-00127.

Respectfully submitted,

*/s/ J. Michael Taylor*

J. Michael Taylor
Jeffrey M. Telep
Neal J. Reynolds
KING & SPALDING LLP
1730 Pennsylvania Ave., NW
Washington, D.C. 20006
(202) 737-0500
*Counsel to Plaintiff*

Dated: September 22, 2020

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILING**

I hereby certify that on this day, September 22, 2020, I caused this document to be filed electronically at the U.S. Court of International Trade. I understand that the Court's transmission of the Notice of Electronic Filing of this document constitutes service to all parties pursuant to the Court's rule for mandatory e-service.

*/s/ J. Michael Taylor*
J. Michael Taylor