# EXHIBIT 1

United States Senate

WASHINGTON, DC 20510

August 2, 2016

The Honorable S. Gil Kerlikowske
Commissioner
U.S. Customs and Border Patrol
1300 Pennsylvania Ave., N.W.
Suite 4.4A
Washington, DC 20528

Dear Commissioner Kerlikowske,

Thank you for your letter responding to concerns we highlighted in connection with implementations of Section 605 of the Trade Facilitation and Trade Enforcement Act of 2015.

Your choice of language to describe the payments of interest to producers concerned us in one important regard. In a paragraph that seemed to paraphrase the language of the statute, you wrote"…or a *litigation* settlement with the surety, including any payments made *during the litigation* by the surety with respect to the bond." [Italics Added]

This language is troubling because the provision is not intended to be limited to payments received by CBP from sureties during litigation. The actual language of Section 605 from the section that your letter is referencing reads:

"(1) Interest Realized – Interest described in this subsection is interest earned on antidumping duties or countervailing duties described in subsection (b) that is realized through application of a payment received on or after October 1, 2014, by the Customs an Border Protection *under, or in connection with-*

> (A) a customs bond pursuant to a court order or judgment; or
>
> (B) a settlement with respect to a customs bond, *including any payment made to U.S. Customs and Border Protection with respect to that bond by a surety."* [Italics Added]

As is clear from the language and the debate on Section 605, it is intended to cover any payment received by CBP in connection with a customs bond – whether or not that bond is currently subject to collection litigation. This distinction is potentially critical because – though you have not provided us with detailed collection information – some sureties have apparently paid under bonds before suing CBP.

Case 1:16-cv-00127-TCS Document 95-1 Filed 09/16/20 Page 3 of 3

Section 605 is designed to correct the injustice of CBP misinterpreting the underlying statute to deny producers of honey and other products interest they were due under the Continued Dumping and Subsidy Offset Act. Producers are entitled to all interest collected on all payments made to CBP in connection with the bonds in question. We hope that this is simply a misunderstanding, but would appreciate your prompt response clarifying whether you believe Section 605 applies to all interest associated with a customs bond.

Sincerely,

Chuck Grassley

Sen. Charles Grassley (R-IA)

John Thune

Sen. John Thune (R-SD)