# EXHIBIT 2

1300 Pennsylvania Avenue, NW
Washington, DC 20229

U.S. Customs and
Border Protection

Commissioner

September 21, 2016

The Honorable Charles Grassley
United States Senate
Washington, DC 20510

Dear Senator Grassley:

Thank you for your August 2, 2016 letter regarding Section 605 of the Trade Facilitation and Trade Enforcement Act of 2015 (TFTEA). The co-signer of your letter will receive a separate, identical response.

U.S. Customs and Border Protection (CBP) appreciates the opportunity to address your concerns regarding the scope of Section 605. We understand that you share the Affected Domestic Producers' (ADPs) desire to distribute delinquency interest that accrues under 19 U.S.C. § 1505(d) for all entries that are subject to the Continued Dumping and Subsidy Offset Act of 2000 (CDSOA).

CBP respectfully takes the view that the language of Section 605 is expressly limited to payments received during or at the conclusion of litigation pursuant to a court order, judgment, or settlement. CBP provided technical assistance during the legislative process and communicated the circumstances under which current technology allows for distribution of delinquency interest. As we understand it, the language of Section 605 was drafted to balance the ADPs' desire for delinquency interest with CBP's technological capabilities.

Section 605 provides in part:

> (1) INTEREST REALIZED.—Interest described in this subsection is interest earned on antidumping duties or countervailing duties described in subsection (b) that is realized through application of a payment received on or after October 1, 2014, by U.S. Customs and Border Protection under, or in connection with—
>
> (A) a customs bond pursuant to a court order or judgment; or
>
> (B) a settlement with respect to a customs bond, *including any payment made to U.S. Customs and Border Protection with respect to that bond by a surety.*

Longstanding principles of statutory construction dictate that the language from subsection 605(c)(1)(B) that is italicized above means any payment made to CBP by the surety during the litigation, before the issuance of the court order, judgment, or settlement. Otherwise, the language of subsection 605(c)(1)(B) would render subsection 605(c)(1)(A) meaningless. Additionally, the reports issued by the Congressional Budget Office (CBO) before Section 605's enactment clearly state that only litigation payments were taken into account during the scoring process. If Congress as a whole had intended for Section 605 to extend beyond litigation payments, then it is our understanding that CBO would have been required to broaden its cost analysis. Accordingly, Section 605 only applies to payments CBP receives during litigation or at the conclusion of a litigation case pursuant to a court order, judgment, or settlement.

Available technology has never supported distribution of delinquency interest on all CDSOA-subject entries. Based on internal analysis, Congress seems to have been aware of these gaps in technological capabilities when the CDSOA was enacted, and the original CDSOA language limited amounts deposited into the special account to duties and interest assessed under the applicable antidumping or countervailing duty order or finding (*i.e.*, 1677g interest). *See* 19 U.S.C. § 1675c(e)(2) (2000). As early as 2001, CBP also informed the public and Congress that only the duties and 1677g interest would be distributed. *See*, *i.e.*, 66 Fed. Reg. 48546, 48550 (Sept. 21, 2001). For more than a decade, all delinquency interest has been deposited into the General Fund of the U.S. Treasury, and the ADPs did not request or otherwise dispute the treatment of delinquency interest.

CBP's automated system was created before the existence of the CDSOA and has limitations, including that it does not identify delinquency interest that accrued on particular line-items in an entry. Section 605 applies to a targeted, narrow universe of payments that CBP can manually identify. Distributing delinquency interest for all CDSOA-subject entries going forward would require the development of new technology and the population of new data elements, which would likely be an extensive, time-consuming undertaking given the complexities of the CDSOA and the inherent difficulty of creating and implementing new automated systems.

Although Section 605 only applies to surety payments received on or after October 1, 2014, that are paid during or at the conclusion of litigation, cases in litigation are expected to accrue much larger amounts of delinquency interest than bills that are paid promptly in the ordinary course of CBP's collection process. Thus, Section 605 addresses the delinquency interest issue, even if it does not fully satisfy the ADPs.

Thank you for giving CBP the opportunity to address your concerns. If we may offer further assistance, please contact Mr. Michael Yeager, Assistant Commissioner, Office of Congressional Affairs, at (202) 344-1760.

Sincerely,

R. Gil Kerlikowske
Commissioner